UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
02-186 (DSD) & 02-114 (DSD)

****************************************

UNITED STATES OF AMERICA,

Plaintiff,

v. ORDER OF DETENTION

RICKIE LEE CLARK,

Defendant.

****************************************

This matter came before the undersigned on June 26, 2006 for a preliminary hearing on the petition for revocation of supervised release, filed June 21, 2006, and, on motion of the United States, for a detention hearing. The defendant was present and represented by Federal Public Defender Kate Menendez. The United States was represented by Assistant United States Attorney Lisa D. Kirkpatrick.

At the time of the hearing, the defendant waived his right to a preliminary hearing, agreeing there is probable cause to believe the alleged violations occurred. The parties proceeded by way of argument as to the issue of detention. Based on the violation report as well as the defendant's waiver of a preliminary hearing, the Court concludes that there is probable cause to require the defendant to proceed to a final revocation hearing before the sentencing judge in this matter, District Court Judge David S. Doty. Furthermore, the Court concludes there has been a sufficient showing that the defendant poses a danger to the community. Accordingly, the Court will grant the government's motion for detention.

**FINDINGS OF FACT**

1. On June 21, 2006, the defendant's Probation Officer filed a "Petition on Supervised Release" due to the defendant's failure to successfully complete a community corrections center program. Specifically, on April 7, 2006, the defendant's conditions of supervision were modified to due to drug use to include 90-day placement at the Volunteers of America halfway house ("VOA"). The defendant entered the VOA on May 5, 2006. Prior to the termination of the 90 day period, the defendant was discharged, giving rise to the revocation petition.

2. According to the violation report submitted by the defendant's Probation Officer, the defendant was discharged for a number of reasons, including:

(1) suspicion of distribution of controlled substances (namely, Hydrocodone);

(2) failure to job search; and

(3) failure to attend drug treatment.

3. The defendant was originally placed on a three-year term of supervised release on April 15, 2005, after having served a sentence for Sexual Abuse of a Minor and Assault. Thereafter, the sentencing court has modified the terms of his supervised release four times for new criminal conduct and alcohol use, for failure to respond to the telephone when contacted by the alcohol detention monitoring center, for alcohol and drug use, and, finally, for drug use.

4. If the district court determines that the instant alleged violation occurred, the applicable Guidelines range term of imprisonment is 3 to 9 months.

5. The defendant has family, including his parents, in Redby, Minnesota. He is,

however, unemployed. Nevertheless, the Court finds that, as a result of his family connections, he does not pose a risk of flight.

6. There is probable cause to believe that the defendant is in violation of the terms and conditions of his supervised release for having been discharged by the VOA prior to the completion of a 90-day placement, as ordered on April 7, 2006.

**DISCUSSION**

Under the Bail Reform Act, 18 U.S.C., § 3148(b), an order of revocation of a release order should issue when, after a hearing, the Court finds clear and convincing evidence that the defendant has violated a condition of his release and that based on the factors set forth in Title 18 U.S.C. §3142(g), the person is unlikely to abide by any condition or combination of conditions of release. In this case, the defendant has demonstrated his failure to abide by the terms and conditions of his release and, in fact, has had those conditions modified on four occasions due to lack of compliance. Given his history of failing to comply, the Court finds he is unlikely to abide by any conditions or combination of conditions of release pending his final revocation hearing.

Furthermore, under 18 U.S.C. § 3142, detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986). In this case, the Court finds that the government has shown by clear and convincing evidence that the defendant poses a danger to the community. In so finding, the

Bail Reform Act instructs courts to consider, among other factors, the history and characteristics of the defendant. 18 U.S.C. § 3142(g)(3). Given the defendant's history of failing to comply with the terms and conditions of his supervised release, the Court finds he poses a danger to the community.

**CONCLUSION**

Based upon the evidence presented, the Court concludes that there is probable cause to believe that the defendant has violated the conditions of his release and that it is unlikely that the defendant will abide by other conditions of release set by the Court. Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of defendant is granted;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending a final revocation hearing;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: June 29, 2006

s/Jeanne J. Graham
Jeanne J. Graham
United States Magistrate Judge